VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-414

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

| | |
|---|---|
| Stephen Whitaker\* v. Richard Woodard & Barbara Woodard | } APPEALED FROM: } } Superior Court, Washington Unit, } Civil Division } CASE NO. 22-CV-01158 Trial Judge: Samuel Hoar, Jr. |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's dismissal of his complaint. We affirm.

In addition to the suit at issue in the instant appeal, the parties are involved in a pending eviction case, which was filed by defendants, Richard and Barbara Woodard, in October 2018. See Woodard v. Whitaker, Case No. 584-10-18 Wncv. The Woodards alleged in the eviction case that plaintiff failed to pay rent and breached the parties' lease agreement. In response to the eviction complaint, plaintiff filed a counterclaim alleging retaliation, habitability violations, harassment, and money due. Defendants were granted partial judgment for possession of the premises, and in early April 2019, a writ of possession and notice against trespass were served on plaintiff. Plaintiff filed an emergency request to preserve his personal property in the apartment. Following a hearing, the court determined that plaintiff had been given adequate time to remove his belongings and that the Woodards had "the legal right to dispose of his property." More than two years later, plaintiff moved to amend his affirmative defenses and counterclaims. He sought to argue, among other things, that the Woodards unlawfully converted his personal property. The court denied the request as untimely and also as futile given that the trial court's April 2019 ruling that the Woodards had the legal right to dispose of plaintiff's remaining property. Plaintiff's motion for reconsideration was denied on April 1, 2022, and the eviction matter remains pending in the trial court.

On the same day that the court denied plaintiff's motion for reconsideration, plaintiff filed the complaint at issue in this appeal. He sued the Woodards, among others, and alleged in

relevant part that the Woodards unlawfully disposed of his personal property.[*] Plaintiff raised various claims in connection with this allegation, including a claim that the Woodards violated the Vermont Consumer Protection Act. The Woodards moved for summary judgment, arguing in part that plaintiff's claims were compulsory counterclaims that should have been filed in the eviction action referenced above. The court agreed, and concluded that the action was precluded by the compulsory counterclaim rule set forth in Vermont Rule of Civil Procedure 13(a). The court dismissed the case, indicating that plaintiff was left to his remedies in the pending eviction action, Case No. 584-10-18 Wncv. This appeal followed.

Plaintiff argues that his allegations should be considered on the merits. He questions what might occur in the eviction case if the complaint at issue in this appeal is dismissed. Plaintiff suggests that consolidation of these two cases is appropriate "when a proper motion can be prepared with assistance of counsel after adjudication of the planned appeal." He contends that the two cases are inextricable and summary judgment is inappropriate until the question of whether he can amend his complaint in the first action is decided.

These arguments are unpersuasive. Rule 13(a) provides, with exceptions not relevant here, that:

> A pleading in an action in a superior court shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

It is established that "[i]f the counterclaim arises out of the same transaction or occurrence as plaintiff's claim, then the party must assert it under the compulsory-counterclaim provision in Rule 13(a) or waive the right to recover on it." 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1403 (3d ed.). "A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." Id. § 1417.

Plaintiff's claims here arise "out of the same transaction or occurrence" as that involved in the pending eviction case, and plaintiff was required to bring his claims in that case. To the extent that plaintiff's claims matured after he filed his initial counterclaim, he could seek the court's permission to file a supplemental pleading in the eviction case. See V.R.C.P. 13(e) ("A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."). While plaintiff suggests that consolidation might be appropriate, he fails to show that he requested such relief below. See In re Green Mountain Power Corp., 2012 VT 89, ¶ 22, 192 Vt. 429 (recognizing that it is appellant's "burden to show how an issue is preserved"); V.R.A.P. 28(a)(4)(A) (providing that appellant's brief should explain what issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to authorities, statutes, and parts of record relied on). We thus do not address this argument. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). In any event, it is appropriate, as the trial court found, for

---

[*] The other named defendants were dismissed from this case and plaintiff does not challenge their dismissal.

plaintiff to pursue any remedies in the pending eviction case rather than filing a new suit. We have considered all arguments discernable in plaintiff's brief that are appropriately before the Court and find them all without merit.

Affirmed.

BY THE COURT:

_____

Harold E. Eaton, Jr., Associate Justice

_____

William D. Cohen, Associate Justice

_____

Nancy J. Waples, Associate Justice